■ In the Matter of SHEILA J. DEL GUERCIO, Appellant, v. EDMUND H. JAMES, Respondent.— In a proceeding by a divorced mother against her former husband to enlarge her visitation rights with respect to their infant son,

of whom sole custody was in the husband pursuant to a separation agreement dated December 9, 1959 and a prior court order dated December 21, 1959, under which the mother's visitation rights were exercisable solely within the State of New York, the mother appeals from so much (namely, the first six decretal paragraphs) of an order of the Supreme Court, Westchester County, dated May 15, 1963, as in effect denied her application *in toto* and confirmed the pre-existing visitation rights. Order appealed from dated May 15, 1963, modified in the exercise of discretion as follows: (a) by striking out the first, second, fourth, fifth and sixth decretal paragraphs, which deny the mother's application and dismiss her petition and which confirm and ratify the separation agreement and the prior order fixing the existing visitation rights and limiting their exercise within the State of New York; and (b) by substituting therefor the following provisions: (1) a paragraph granting the mother's application to the extent of enlarging her rights to visitation and temporary custody of the child by permitting her to take the child to the State of South Carolina for two consecutive months during the Summer of each year commencing 1964, on condition that she shall first file and serve an undertaking for $25,000, with corporate surety, to guarantee the child's prompt return to respondent in New York at the end of each such two-month period; (2) a paragraph amending accordingly the said separation agreement dated December 9, 1959, and the said prior court order dated December 21, 1959; and (3) a paragraph denying the mother's application insofar as she seeks any other enlargement of her visitation rights. As so modified, the order of May 15, 1963, insofar as appealed from, is affirmed, without costs. The findings of fact contained or implicit in the Special Term's decision which may be inconsistent herewith are reversed and new findings are made as indicated herein. In our opinion, under all the circumstances disclosed by this record, the best interests of the child will be served and his welfare will be promoted by affording him the opportunity to visit with his mother for two months during the Summer of each year at her residence in the State of South Carolina, provided that the mother first files an undertaking for $25,000 to assure the child's prompt return to the father in New York at the end of each such visit. Ughetta, Acting P. J., Kleinfeld, Brennan, Rabin and Hopkins, JJ., concur.